

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

## No. 07-18-00413-CR

___

SANTIAGO CARRASCO, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

On Appeal from the 64th District Court
Swisher County, Texas
Trial Court No. A-4642-17-06, Honorable Robert W. Kinkaid, Jr., Presiding

___

April 2, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Santiago Carrasco, Jr., appellant, pleaded not guilty to burglary of a building[1] and the case proceeded to trial. Following voir dire, appellant changed his plea to guilty. The jury found him guilty and sentenced him to two years' confinement in the Texas Department of Criminal Justice and a $2,500 fine.

___

[1] See TEX. PENAL CODE ANN. § 30.02 (West 2019).

In this appeal, counsel for appellant has filed an *Anders*[2] brief in support of a motion to withdraw. We grant counsel's motion and affirm the judgment of the trial court.

In his brief, counsel certifies that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Id.* at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel discusses why, under the controlling authorities, there are no reversible errors in the trial court's judgment. Counsel has sent a letter to appellant notifying him of his motion to withdraw; provided appellant with a copy of the motion, *Anders* brief, and appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant has not filed such a response. The State has not filed a brief.

By his *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal but, like counsel, we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex.

---

[2] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

Crim. App. 1969). Following our careful review of the appellate record and counsel's brief, we conclude there are no plausible grounds for appellate review.

Therefore, we grant counsel's motion to withdraw and affirm the judgment of the trial court.[3]

Judy C. Parker
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send appellant a copy of the opinion and judgment, along with notification of appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.